IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JUL -2 P 4:20

CLERK_____
SO. DIST. OF GA

FRANKLIN L. WILLIAMS,

Petitioner,

vs.

CIVIL ACTION NO.: CV513-038

UNITED STATES OF AMERICA,

Respondent.

## MAGISTRATE JUDGE'S ORDER and REPORT AND RECOMMENDATION

Franklin Williams ("Williams"), who is currently incarcerated at the Federal Correctional Institution in Bastrop, Texas, filed a cause of action using the form for filing a petition pursuant to 28 U.S.C. § 2254. In his pleading, Williams contends that his right to an appeal and his access to the courts have been frustrated because the Ware County Superior Court has an unsigned document and has withheld his $80.00 filing fee.

Courts should look beyond the terminology used in a pleading to its actual content before deciding the true nature of that pleading. See Fernandez-Roque v. Smith, 671 F.2d 426, 429 (11th Cir. 1982). A writ of habeas corpus is the means by which a prisoner may challenge the legality of his confinement. As noted by the United States Supreme Court, "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

AO 72A
(Rev. 8/82)

Habeas actions are those that explicitly or by necessary implication challenge a prisoner's conviction or the sentence imposed on him by (or under the administrative system implementing the judgment of) a court. Thus, for example, when a prisoner makes a claim that, if successful, would shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a civil rights claim. Edwards v. Balisok, 520 U.S. 641, 645-46(1997); Heck v. Humphrey, 512 U.S. 477 (1994). In contrast, claims in which prisoners assert that they are being subjected to unconstitutional punishment not imposed as part of their sentence, such as, for example, being denied access to the courts, are civil rights actions, not habeas actions. See generally, Farmer v. Brennan, 511 U.S. 825 (1994); Abello v. Rubino, 63 F.3d 1063 (11th Cir. 1995).

Williams' pleading presents an example of a civil rights action, not a habeas corpus action. Should Williams wish to proceed with this cause of action, he may do so by filing a cause of action pursuant to 42 U.S.C. § 1983. Williams' motion to proceed in forma pauperis is **DENIED**.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that this case be **DISMISSED**, without prejudice.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 2nd day of July, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE